# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JERRY P. TAMARKIN, et al., ) | CASE NO. 4:12CV2611 |
| ) | |
| ) | |
| PLAINTIFFS, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | |
| VALU MANAGEMENT COMPANY, et ) | |
| al., ) | |
| ) | |
| DEFENDANTS. ) | |

This case was filed on September 25, 2012 in the Court of Common Pleas of Trumbull County, Ohio. It was removed by defendant United States of America on October 18, 2012, under 28 U.S.C. §§ 1442, 2410.[1]

On July 26, 2013, the Court conducted the Case Management Conference wherein it questioned counsel as to the basis for this Court's jurisdiction over this state-law complaint for disassociation of a partner from a partnership, for dissolution, for an accounting, and for redemption of the partner's interest.[2] The government is named as a defendant in the complaint only because the Internal Revenue Service "has assessed and filed . . . notices of federal tax liens

---

[1] The state court complaint asserted jurisdiction under Ohio Rev. Code §§ 1776.54, 1776.02, *et seq.* (Ohio's Uniform Partnership Act) and 28 U.S.C. § 2410. (Compl. ¶ 7.)

[2] According to the complaint, plaintiffs Jerry P. Tamarkin, Bertram Tamarkin, and The Tamarkin Family Limited Partnership are each general partners of the general partnership known as Valu Management Company ("the Partnership"). Collectively, they own an 87½% interest in the Partnership, and defendant Nathan Monus owns the remaining 12½% ("the Monus Partnership Interest"). (Compl. ¶¶ 1, 3). The principal asset of the Partnership is its 50% interest in a joint venture known as Howland Plaza. (Compl. ¶ 10.) Monus was the original managing partner; however, in 1991, he was displaced when plaintiffs discovered that he had been using Partnership funds for personal use. (Compl. ¶¶ 11-12.) At that time, Monus's capital account was debited by the amount of unauthorized funds he had received, resulting in a negative capital account in the amount of $1,087,106.82. (Compl. ¶ 12.) From 1991 through 2011, this negative capital account was annually credited with the surplus cash distributions to which Monus was entitled; however, his capital account allegedly remains in the red by over a million dollars. (Compl. ¶ 13.) Plaintiffs seek to dissolve the Partnership, to obtain an accounting among the partners and, in particular, an accounting of the Monus Partnership Interest, and to apply his Interest to his negative capital account.

and may assert an interest in or lien upon the Monus Partnership Interest by virtue of such tax liens filed in Palm Beach County, Florida . . . ." (Compl. ¶ 4.) No one has asserted any challenge to the legitimacy of these tax liens. Further, the government has no known tax liens against the 87½% interest of plaintiffs.

The Court directed the parties to file simultaneous briefs addressing subject matter jurisdiction by August 19, 2013, and opposition briefs by September 5, 2013. No such briefs were ever filed. Rather, on August 13, 2013, the government filed a two-part motion (Doc. No. 20):[3] first, to dismiss it as a party defendant and, second, to permit it to intervene to assert its lien claim against the interest of defendant Nathan Monus in the Tamarkin Family Limited Partnership. The motion represents that plaintiffs have no opposition to the government's motion.[4]

The United States removed this action based on 28 U.S.C. §§ 1442, 2410. (Notice of Removal, Doc. No. 1, ¶ 3.) As argued by the government in its motion, the complaint asserts no claim against the United States falling within the statutory waiver of sovereign immunity set forth in 28 U.S.C. § 2410.[5] The complaint seeks the dissolution of a partnership and, unless and

---

[3] In both the motion and in a status report filed on September 10, 2013, the government characterized the memorandum in support of its motion as its brief on the issue of subject matter jurisdiction. (*See* Doc. No. 22 at 164.) This brief, however, does not address subject matter jurisdiction in any meaningful way and is not responsive to the Court's request.

[4] The motion represents that counsel for the government contacted counsel for all parties (excluding Valu Management Company and Key Bank, neither of whom have appeared to date) to learn whether there would be any opposition to the motion. Only plaintiffs' counsel responded and indicated there would be no opposition.

[5] Section 2410 provides, in relevant part:

  (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--

    (1) to quiet title to,
    (2) to foreclose a mortgage or other lien upon,
    (3) to partition,
    (4) to condemn, or

until that happens, the assets of the partnership, according to the government, are unaffected by the tax liabilities of Nathan Monus as an individual.

This case is virtually identical to *Dugas v. Turner*, No. 2:12-CV-06-DBH, 2012 WL 4033430 (D.Me. Sept. 12, 2012),[6] where one 50% shareholder (Alan Dugas) of a corporation sued the other 50% shareholder (Warren Turner) in state court, alleging that Turner was mismanaging the corporate assets and diverting them to his personal use, while refusing Dugas any access to the corporate records. The complaint sought an accounting and a dissolution of the corporation; it also stated claims for breach of fiduciary duty and conversion. Dugas added the United States as a defendant because it had obtained federal tax liens against Turner's assets and might attempt to assert an interest in the corporate assets. The United States removed the case to federal court, where it sought to be dismissed, asserting that it had no claims against the assets of the plaintiff or the corporatate defendant, but only against Turner. The district court, finding that that complaint "name[d] the United States as a defendant but [sought] no particular relief against the United States[,]" *id*. at *1, dismissed the United States and remanded the case to state court, "because there is no remaining federal jurisdiction without the United States as a defendant." *Id*. The court noted that the United States might later attempt to intervene to assert its tax liens against Turner if Dugas were to succeed in persuading the state court to dissolve the corporation and distribute its assets. The court stated:

> Under a purely pragmatic system of dispute resolution, we might proceed more quickly to this part of the dispute because undoubtedly it affects the underlying economics of this lawsuit. But federal jurisdiction is rule-bound as a result of congressional enactments and appellate decisions. At the trial level we

---

(5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

[6] This Court takes judicial notice of the pleadings and proceedings in *Dugas*, the details of which it obtained through the court's PACER service.

must follow those rules for good or for ill. Here, the United States has not waived its sovereign immunity from suit under 28 U.S.C. § 2410(a). Contrary to the plaintiff's argument, this is not yet a suit to partition property in which the United States claims a lien. Dissolution will give the plaintiff his own share of the corporation, and as to that share the United States claims no interest. Only when and if the plaintiff claims Turner's stock will the United States' lien be implicated.

*Id*. at *1-2.

The Court concludes that the same result is required here as in *Dugas*. The only reason this Court has jurisdiction is because the United States was named as a defendant, albeit improperly, given that it has not waived sovereign immunity under the circumstances. The Court will, therefore, grant the government's motion to dismiss; however, it will deny without prejudice the motion to intervene, as this is a matter that is more properly considered by the state court. The case will be remanded to the Trumbull County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED**.

Dated: October 7, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4